**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:18-cr-00283-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Motion for Compassionate Release and Reduction of Sentence and Granting Motion to Seal Medical Records** |
| James A. Morris, | |
| Defendant | |
| | [ECF Nos. 64, 69] |

Defendant James A. Morris is roughly 8 months into serving his 28-month sentence for being a felon in possession of a firearm. He asks this court to grant him compassionate release or a reduction of his sentence because he hasn't received the hormone-replacement therapy that he was prescribed before his sentencing, and he contends that this lapse may put him a higher risk for contracting COVID-19.[1] I deny the motion because Morris has not shown that a sentence reduction or compassionate release is warranted.

**Background**

In 2019, Morris pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] In his plea agreement, Morris admitted that he knowingly possessed two firearms, a 9 millimeter handgun and an AR-15 rifle, while having a prior felony conviction. The event leading to the discovery of the two firearms involved Morris being shot

---

[1] ECF No. 43 at 1–2.

[2] ECF No. 35 (plea agreement).

by an individual and Morris returning fire, resulting in that individual's death.[3]  I sentenced Morris to 28 months in custody followed by 3 years of supervision.[4]  He is currently serving his sentence at the Phoenix Federal Correctional Institute (FCI), and the Bureau of Prisons' (BOP) website reflects February 17, 2022, as his release date.[5]

In a pro se motion, 33-year-old Morris alleges that he has not received his prescribed hormone-replacement therapy—testosterone and human chorionic gonadotropin (HCG)— since the start of his prison sentence.[6]  The BOP reviewed his request for testosterone therapy and determined that he didn't qualify for it.[7]  Still, Morris asks this court to grant him early or compassionate release because (1) the effects of not receiving hormonal-replacement therapy put him at risk of developing cardiovascular disease, diabetes, and a poor immune system amidst the COVID-19 pandemic; (2) he poses minimal risk to the community as a non-violent offender; and (3) he believes that the 18 US.C. § 3553(a) factors support his release.[8]  He asks to be released to his maternal grandmother's residence in Henderson, Nevada, where he wishes to begin his 3-year term of supervised release with special conditions.[9]

At the time this motion was filed, Morris had served approximately 7 months of his 28-month sentence.[10]  The federal public defender's office reviewed Morris's request and declined

---

[3] ECF No. 31 at 5–6.

[4] ECF No. 42 (judgment).

[5] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited August 6, 2020).

[6] ECF No. 43 at 1; *see also* ECF No. 43–2 at 6 (filed under seal).

[7] ECF No. 47 (sealed medical record).

[8] ECF No. 43.

[9] ECF No. 43 at 2.

[10] Motion filed on June 26, 2020.  ECF No. 43.

to supplement it.[11]  The government opposes his motion, arguing that Morris has not identified extraordinary and compelling reasons warranting release and remains a danger to the community.[12]

## Discussion

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[13]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[14] is an exception to this limitation.  It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring a motion on his behalf.[15]  The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[16]  The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

---

[11] ECF No. 44.

[12] ECF No. 45 at 12–13.

[13] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[14] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[15] 18 U.S.C. § 3582(c)(1)(A)(i).

[16] *Id*.

3

earlier."[17]  The parties agree that Morris has exhausted the administrative process,[18] so I consider his motion on its merits.

Having considered those merits, I deny Morris's motion because he has not shown that his compassionate release is warranted.  Morris's reasons for wanting release are neither extraordinary nor compelling.  The COVID-19 pandemic is undeniably grave and its impacts on every aspect of American life are unprecedented.  But the BOP has implemented a detailed COVID-19 response plan for federal inmates, and a low number of reported cases at Phoenix-FCI suggests that the plan is working there.[19]  The BOP's website reflects that only one inmate and two staff members at Phoenix-FCI are currently COVID-19 positive.[20]

Though Morris's age does not make him high-risk,[21] he argues that certain medical symptoms threaten his health.  He claims that the BOP "lost" his hormone-replacement drugs, and that this sudden stop in treatment has caused him "to sink rapidly into a state of mental and physical decline, [with] severe and debilitating depression, mood swings, [and] hot flashes [that make him] irritable and forgetful."[22]  In addition to these negative symptoms, he speculates that

---

[17] *Id.*

[18] The government agrees that Morris has met the jurisdictional exhaustion requirements. *See* ECF No. 45 at 4.

[19] *BOP Implementing Modified Operations,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Aug. 13, 2020).

[20] *See COVID-19: Coronavirus,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Aug. 13, 2020).

[21] *See* ECF No. 45 at 13 (stating that Morris is 33 years old). The Centers for Disease Control and Prevention website reports that in the United States approximately 80% of COVID-19 related deaths have been among adults aged 65 years or older. *See Older Adults and COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Aug. 6, 2020).

[22] ECF No. 43 at 1.

the lack of treatment may place him at an increased his risk of developing cardiovascular disease, diabetes, and a poor immune system, which would place him at a higher risk of serious illness from COVID-19. But the Centers for Disease Control and Prevention (CDC) only describe conditions that a person currently has, not conditions that a person is at risk of developing, as causing an increased risk of severe illness from COVID-19.[23] And Morris does not claim to currently have any of the conditions he lists, only that he may develop them later. So, he is not at an increased risk of severe illness from COVID-19. Simply put, the concerns Morris has identified fall short of the extraordinary or compelling concerns needed to justify compassionate release.

Even if Morris had demonstrated extraordinary and compelling reasons for his release, I would still deny his motion because the applicable § 3553(a) factors do not justify a sentence reduction for him. Morris's offense was serious—the gunfire exchange resulted in Morris being shot and another person's death. The facts underlying his conviction and his criminal history—misdemeanor gun and obstruction charges and a felony conviction for attempted kidnapping during a carjacking—belie his characterization of himself as a non-violent offender. His earlier convictions also were not a deterrent to this dangerous conduct; he admitted in a post-*Miranda* voluntary statement that he carries a gun on his person or in his car "90 percent of the time."[24] While I do acknowledge that the state prosecutor's office did not bring charges against Morris

---

[23] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 6, 2020) (listing underlying conditions that put "[p]eople of any age…**at increased risk** of severe illness from COVID-19" and listing "Type 2 diabetes mellitus" and "[s]erious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies" as two such possibilities) (emphasis in the original).

[24] *See* ECF No. 36-1 at 36.

for the individual's death that resulted from this shootout,[25] Morris's continuous disregard for the law prohibiting his possession of firearms and the consequences that resulted from his disregard here underscore the seriousness of his offense conduct.

Of course, I do not overlook the positive information for Morris on the other end of the § 3553(a) spectrum. He states that he has an "excellent job history, great references, and [is] in good standing in [his] local union"; has "a strong desire to once again pursue a more extensive level of higher learning"; can live with his maternal grandmother, whose home was inspected and approved by pre-trial services; and had no "incidents" leading up to his self-surrender.[26] But these factors do not outweigh the significant concern for recidivism that contributed to Morris's sentence. During sentencing, I discussed my concern that a real deterrent from future crimes involving guns and violence was needed, particularly because Morris's conduct followed a significant term of incarceration for his last felony conviction. And the low-end guidelines sentence that Morris received was and remains sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes by this defendant.[27] At this time, Morris has served approximately 8 months of his 28-month sentence, and given the nature of the underlying circumstances of his offense and his criminal history, a reduction would not ensure proper deterrence and prevent recidivism. Morris is not entitled to a sentence reduction or compassionate release.

---

[25] *See* ECF No. 36 at 2, n.1 (government's sentencing memorandum).
[26] ECF No. 43 at 2.
[27] 18 U.S.C. § 3553(a)(6).

**Conclusion**

IT IS THEREFORE ORDERED that Defendant James Morris's Motion for Compassionate Release or Reduction of Sentence **[ECF No. 43] is DENIED.**

IT IS FURTHER ORDERED that the Government's unopposed motion to file Morris's medical records under seal **[ECF No. 46] is GRANTED.**  The Clerk of Court is directed to maintain the seal on ECF Nos. 43-1 and 43-2.

Dated: August 13, 2020

_____
U.S. District Judge Jennifer A. Dorsey