# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>James Morris,<br><br>    Defendant | Case No.: 2:18-cr-00283-JAD-DJA<br><br>**Order Granting Motion to Extend Time and Motion for Early Termination of Supervised Release**<br><br>[ECF No. 58, 60] |

James Morris is roughly 18 months into a 3-year term of supervised release after completing a 28-month sentence for illegally possessing a firearm. He moves to end his supervision early, arguing that he completed 18 months of supervised release without incident, has maintained salaried employment, and has learned from his past. He attaches to his motion eight character-reference letters and four certificates from continuing-education courses. The government failed to respond in time to Morris's motion and now moves for an extension. It simultaneously opposes Morris's early release, arguing that his violent criminal history and prior supervision failures weigh in favor of supervision. Although I grant the government's motion to extend time and thus consider its response, I still find that the sentencing factors support the early termination of Morris's supervised release. So I grant his motion.

**Discussion**

**A.    The government's motion to extend time is granted.**

The government moves to extend its deadline to file a response to Morris's motion.[1] It explains that Morris's probation officer in Massachusetts possessed relevant information that

---

[1] ECF No. 60.

was necessary to incorporate in its response.[2]  But the government was unable to reach the probation officer after repeated attempts at contact.[3]  I find that the government has shown good cause for its delay.  The government's response was only six days late, and Morris would not be prejudiced if I granted this extension.  Because the government's delay was a result of poor communication not in its reasonable control, I grant its motion to extend time and will consider its response.

**B.    The sentencing factors support Morris's early termination of supervised release.**

District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[4]  "After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release" after the expiration of the first year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[5]  There is a presumption in favor of early termination for a defendant who has been on supervised release for at least 18 months and meets the following criteria: he (1) is not a career drug offender or career criminal and hasn't committed a sex offense or engaged in terrorism, (2) presents no identified risk of harm to the public, (3) hasn't committed any court-reported violations for 12 consecutive months, (4) demonstrates the ability to self-manage beyond the supervision period, (5) is in substantial

---

[2] *Id.*

[3] *Id.*

[4] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)).

[5] *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)).

compliance with his supervision conditions, and (6) "engages in appropriate prosocial activities and receives sufficient prosocial support" to conduct himself lawfully after supervision ends.[6]

    I find that Morris meets the statutory criteria for early termination of supervision. He completed 18 months of supervisory release, so he is entitled to a presumption in favor of early termination. Morris is not classified as a career drug offender or career criminal, and he has not committed a sex offense or engaged in terrorism. But the government contends that the second factor weighs against early termination because Morris has a pattern of violent behavior.[7] The government reasons that Morris's one misdemeanor and two felony convictions—all involving firearms—make him a danger to the community.[8] So the government argues that Morris's supervision must continue in order to protect the public from harm and deter him from future violence.[9]

    I acknowledged the seriousness of Morris's past convictions in my order denying his motion for compassionate release or the reduction of his sentence.[10] Morris's firearm conviction arose from an exchange of gunfire between him and another individual that resulted in Morris being shot and the other individual's death. His two prior convictions also involved firearms, although those convictions are now more than 15 years old. I denied Morris's motion for companionate release because eight months of incarceration was not sufficient to redress his past transgressions. But Morris has now served his full 28-month sentence and 18 months of

---

[6] *Guide to the Judiciary Policy*, Volume 8E, Chapter 3, § 360.20(c) (available to the federal judiciary only at http://jnet.ao.dcn/Guide/Index.html).

[7] ECF No. 61 at 3–4.

[8] *Id*.

[9] *Id*.

[10] ECF No. 48.

3

supervised release without incident. And I find that this is sufficient to deter him from any future recidivism.

The government also takes issue with factors three and five, arguing that, because Morris has a history of violating his probation, parole, and supervised-release conditions by failing drug tests, ignoring report requirements, and failing to complete programming, he is not sufficiently rehabilitated to terminate supervision early.[11] But it appears that Morris's most recent violation occurred in 2018 while on pretrial release before he began his term of incarceration;[12] he has not committed any court-reported violations in 12 months and has been in compliance with his release conditions since his supervision began. So I do not find that these factors weigh against early termination.

Factors four and six also weigh in favor of early termination. Morris is currently succeeding in his career and is demonstrating the necessary skills to self-manage after supervisory release. He attached eight character-reference letters from colleagues at Elevation3d and Kittrell Jensen Contractors, all lauding Morris as a hardworking and valued member of the production team.[13] He is also taking initiative to improve his personal life and engage in prosocial activities. He completed courses on anger management, behavioral modification, conflict resolution, and parent education and family stabilization.[14] So because I find that Morris meets the criteria triggering the presumption favoring early termination of his supervised release, I grant his motion and terminate his supervision.

---

[11] ECF No. 61 at 5.
[12] *Id*.
[13] ECF No. 58.
[14] *Id*.

**Conclusion**

IT IS THEREFORE ORDERED that the government's motion to extend time **[ECF No. 60]** and Morris's motion for early termination of supervised release **[ECF No. 58] are GRANTED**.  Morris's supervision is TERMINATED.

_____
U.S. District Judge Jennifer A. Dorsey
September 6, 2023